**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 4, 2024
Date Decided: September 19, 2024

Jennifer August
2 Black Duck Reach
Rehoboth Beach, Delaware 19971

Aaron E. Moore, Esq.
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, Delaware 19899

Re: *August v. The Glade Property Owners Association, Inc., et al.*,
C.A. No. 2020-0834-BWD

Dear Counsel and Ms. August:

This letter opinion addresses Plaintiff Jennifer August's Exceptions to the Magistrate's Post-Trial Final Report delivered through a bench ruling on May 10, 2024 ("Post-Trial Final Report") and Exceptions to the Magistrate's Final Report regarding the Motion for Relief of an Unnoticed Court Order pursuant to Court Rule 60(b) ("Rule 60(b) Final Report").[1] The *pro se* Plaintiff in this action, Ms. Jennifer August ("Plaintiff" or "Ms. August"), is a homeowner in the Holland Glade

---

[1] Bench Ruling before the Honorable Bonnie W. David, Dkt. No. 257; Pl.'s Notice of Exceptions to Magistrate's Post-Trial Final Rep., Dkt. No. 258; Tr. of 5-10-2024 Tel. Bench Ruling, Dkt. No. 267; Denied (Prop. Ord. re: Mot. for Relief of an Unnoticed Ct. Ord. pursuant to Ct. Rule 60(b)), Dkt. No. 201; Pl.'s Not. of Exceptions to Magistrate's Min. Final Rep. dated Sept. 5, 2023, Dkt. No. 259.

community located in Rehoboth Beach, Delaware ("The Glade" or the "Association").[2]

In September 2020, Plaintiff initiated this action with numerous complaints against The Glade and associated persons and entities (the "Defendants").[3] Later in the action, on February 10, 2023, Plaintiff filed a Motion to Compel, for Sanctions and Default Judgment ("Motion to Compel").[4] On March 15, 2023, this Court entered an order denying Plaintiff's Motion to Compel ("MTC Order") and held that discovery issues beyond the scope of Defendants' compliance with a June 15, 2022 Bench Ruling[5] were untimely because the scheduling order set a discovery motion deadline of May 20, 2022.[6] On July 28, 2023, Plaintiff filed a Notice of Exceptions to the MTC Order.[7] That same day, Plaintiff also filed a Motion for Relief of an Unnoticed Court Order Pursuant to Rule 60(b) on the grounds that she did not receive mail service of the MTC Order ("Motion for Relief").[8] On August 23, 2023, I denied the Exceptions to the MTC Order because they were untimely.[9] On September 5, 2023, in the Rule 60(b) Final Report, the Magistrate denied the Motion

[2] Master's Final Rep. Resolving Cross Mot. for Summ. J. on Count I of the Compl. 2, Dkt. No. 158.
[3] *Id.* at 2.
[4] Pl.'s Mot. to Compel for Sanctions and Default J., Dkt. No. 151.
[5] Tr. of 6-15-2022 Tel. Hr'g and Final Master's Rep. on Pl.'s Mot. to Compel, Dkt. No. 200.
[6] Ord. Resolving Pl.'s Mot. to Compel 4, Dkt. No. 157.
[7] Pl.'s Not. of Exceptions to the Unnoticed Ord. of the Magistrate dated Mar. 15, 2023, Dkt. No. 184.
[8] Pl.'s Mot. for Relief of an Unnoticed Ct. Ord. Pursuant to Ct. Rule 60(b) ¶¶ 1–2, Dkt. No. 186.
[9] Letter Op., Dkt. No. 196. My denial of Plaintiff's Exceptions was without prejudice to the Rule 60(b) motion. *Id.* at 2 n.2.

for Relief, determining that Rule 60(b) does not govern the MTC Order and there is no good cause to modify the MTC Order.[10] The Magistrate stayed exceptions for the Rule 60(b) Final Report pending final resolution of this action.[11]

This action progressed to trial with four claims against the Association remaining, which were premised on: (1) the Association's failure to maintain common property; (2) the Association's board of director's (the "Board") delegation of authority over the repaving project to a roads committee; (3) the Board's delegation of the association's finances to SeaScape Property Management, Inc.; and (4) the Association's purported failure to return common surplus funds and return reserve funds to the members.[12] The trial was held on April 19, 2024.[13] On May 10, 2024, the Magistrate issued her Post-Trial Final Report, recommending that the Court enter judgment for the Defendants on all remaining counts.[14] On May 16, 2024, Plaintiff filed her Notice of Exceptions to the Magistrate's Post-Trial Final

---

[10] Denied (Prop. Ord. re: Mot. for Relief of an Unnoticed Ct. Ord. pursuant to Ct. Rule 60(b)), Dkt. No. 201.

[11] *Id.*

[12] Master's Final Rep. Resolving Cross Mot. for Summary J. on Counts II and III of the Compl. 13, 16, 24, Dkt. No. 159.

[13] Trial Tr. of 4-19-2024, Dkt. No. 268.

[14] Tr. of 5-10-2024 Tel. Bench Ruling 21:11–13, Dkt. No. 267.

Report and Rule 60(b) Final Report.[15] I heard oral argument on the Exceptions on September 4, 2024, and I consider the matter submitted as of that date.[16]

Before me are Exceptions to the Post-Trial Report, which addresses the four claims that were adjudicated at trial, and the Rule 60(b) Final Report, which is related to the MTC Order. Ms. August stated numerous exceptions in oral argument and in her briefing. After a careful, *de novo* review of the record and briefing,[17] I affirm and adopt the well-reasoned analysis of the Magistrate in her Post-Trial Final Report, Rule 60(b) Final Report, and MTC Order, as it pertains to Plaintiff's Exceptions.[18]

The Plaintiff's Exceptions fall into four categories. First, Ms. August raises Exceptions to the Rule 60(b) Final Report and the related MTC Order.[19] I denied Ms. August's Exceptions to the MTC Order in my August 23, 2023 Letter Opinion because Ms. August's Exceptions were untimely.[20] However, Ms. August argues that because the Rule 60(b) Final Report relates to the MTC Order, the Exceptions

---

[15] Pl.'s Not. of Exceptions to Magistrate's Post-Tr. Final Rep., Dkt. No. 258; Pl.'s Not. Of Exceptions to Magistrate's Minute Final Rep. dated Sept. 5, 2023, Dkt. No. 259.
[16] Hr'g on Exceptions to Magistrate's Rep. before Vice Chancellor Sam Glasscock III, on 9.4.2024, Dkt. No. 275.
[17] Pursuant to the standard set out in our Supreme Court's Opinion in *DiGiaccobe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) (quoting *In re Estate of McNatt*, 1999 WL 135240, at *2 (Del. Ch. Feb. 25, 1999)).
[18] I received a letter from Ms. August on September 17, 2024 about developments at The Glade, post-trial. I have not considered those developments in this Letter Opinion. Pl.'s Letter dated September 17, 2024, Dkt. No. 277.
[19] Pl.'s Opening Br. on Exceptions 2–4, Dkt. No. 265 ("Pl.'s OB").
[20] Letter Op. 2, Dkt. No. 196.

for the MTC Order "carried forward."[21] In the Rule 60(b) Final Report, the Court denied the Motion for Relief on the grounds that Rule 60(b) does not govern the MTC Order, which is not a final judgment.[22] The Magistrate also determined that while a Court may modify an interlocutory order for good cause shown,[23] the purported timing of Plaintiff's receipt of the MTC Order does not provide good cause where the MTC Order remains factually and legally correct, regardless of when Plaintiff received it.[24] Because the Rule 60(b) Final Report relies on the correctness of the MTC Order, I have reviewed both the Motion to Compel and Motion for Relief *de novo.* For the Motion to Compel, I determine that the Magistrate's careful analysis on the discovery issues and the discovery schedule is correct. Accordingly, I affirm the MTC Order. For the Motion for Relief, I find that the Magistrate's determinations that Rule 60(b) does not apply to the MTC Order and that there is no good cause to modify the MTC Order, when it is factually and legally accurate, are correct. As such, I adopt the Magistrate's analysis in the Rule 60(b) Final Report as a decision of this Court.

---

[21] Pl.'s Mot. for Relief of an Unnoticed Court Ord. pursuant to Ct. Rule 60(b), Dkt. No. 186; Pl's OB 3.

[22] Denied (Prop. Ord. re: Mot. for Relief of an Unnoticed Ct. Ord. pursuant to Ct. Rule 60(b)), Dkt. No. 201.

[23] *See Southpaw Credit Opportunity Master Fund, L.P. v. Roma Rest. Hldgs., Inc.*, 2017 WL 3701232, at *1 (Del. Ch. Aug. 22, 2017).

[24] Denied (Prop. Ord. re: Mot. for Relief of an Unnoticed Ct. Ord. pursuant to Ct. Rule 60(b)), Dkt. No. 201.

Second, Ms. August raises numerous complaints that the Magistrate did not adequately consider or wrongfully excluded evidence regarding the Association's financial affairs, including banking records and statements, during the trial on April 19, 2024. I have reviewed the record and I find that the Magistrate was correct in her assessment of the record in the Post-Trial Final Report.

Third, Ms. August raises exceptions regarding how the Rule 9(b) standard and the entire fairness standard were not properly applied in this action.[25] In reviewing the record *de novo*, I find that the Rule 9(b) standard is not applicable in the manner and circumstances in which Ms. August argues it should apply.[26] In addition, and contrary to Ms. August's assertions, I find that the entire fairness standard does not apply to the four claims that were tried on April 19, 2024, where there are no conflicted fiduciaries in this action.[27]

Finally, Ms. August raises exceptions involving the Magistrate's analysis on the four claims adjudicated at trial. I have reviewed the record *de novo* and the applicable law. I agree with the Magistrate's determination that the evidence does not support a finding for the Plaintiff on the four claims. Accordingly, I adopt the

---

[25] Pl's OB 7, 21.

[26] Ct. Ch. R. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

[27] *See, e.g.*, *In re Trados, Inc. S'holder Litig.*, 73 A.3d 17, 44 (Del. Ch. 2013); *Laidlaw v. GigAcquisitions2, LLC*, 2023 WL 2292488, at *7 (Del. Ch. Mar. 1, 2023).

Magistrate's well-reasoned analysis in the Post-Trial Final Report as a decision of this Court.

Accordingly, Ms. August's Exceptions are DENIED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor